May, 1809. All the judges present. Gkijike, Waties, Bay, Brevard, and Wilds. Judge Smith gave no opinion, having been concerned. Brevard, J., delivered the opinion of the court. We have had this case under consideration, and the result of our reflections upon it is, that the action well lies, in the name in which it is brought. It was contended, in argument, that the action of trespass vi et armis, cannot be maintained by the father, for the abduction of any of his children, except his son and heir. It was, however, acknowledged to be an injury; and it was even conceded that the father is intitled to a civil remedy of some sort. But it was said, if there be such a remedy, it must be in form of a special action on the case, in which the special damage must be alleged. Or if trespass vi et armis can be maintained, it must be by reason of special damage, occasioned by loss of service, or some other *278 sPeo’a^ ^oss’ exPressed in the declaration under a per quod. It seems to have been a matter of some doubt, formerly, as appears from ^1’0, 770, whether any action lay for this injury. Mr. Justice Glanville, in opposition to the other judges, held that an action was maintainable, because a parent has an interest in all his children to provide for their education ; and that the remedy ought not to be confined to the ^eloignment of the heir only. It does not appear that the question was ever settled ; and there is reason to believe the other judges, who differed from Glanville, hesitated, and entertained doubts, and therefore declined deciding the question, without further consideration. The correct and judicious Sir Wm. Blackstone, seems to adopt the opinion held by Glanville, and says, “ the remedy is by writ of ravishment of ward, or action of trespass vi ei armis, defilio, velfilia, rapto, vel abducto,” and refers to Fitzherbert’s Natura Brevium, 90, for the form of the writ. That able lawyer, Mr. Wooddeson, in his Lectures, vol. 1, p. 451, 2, says, “ a father cannot sue for an assault and battery, committed on his son, but the son only must be the plaintiff. But if the father can allege, and prove, that his son was also his servant, and that by reason of the outrage he lost the profits of his labor, servitium amisit, the action would be maintainable. And in like manner,” says he, “ it seems just, that a father might sue for the abduction of any of his children, as well as of the heir, upon the suggestion, and proof, that by means thereof, servitum amisit; or, indeed, without that harsher allegation, it is but reasonable that he might bring such action, in respect of the comfort and delight he has in them, his anxiety for their loss, and his interest in their education ; which considerations could hardly be recompensed by pecuniary damages.” It has been decided, that a father may maintain an action of trespass vi et armis, for entering his house, assaulting his daughter, and getting her with child, per quod, 3 Wils. 18. So, an action on the case lies for debauching his daughter, per quod servitium amisit, though she be above the age of twenty.one years, where acts of service are proved. 2 D. and E. 166 and seq. It was always held to .lie where the daughter is under twenty-one, though no acts of service are proved, 2 D. and E. 4, 5; and other evidence, besides what applies to loss of service, is admissible. 3 Esp. R. 119. 8 D. and E. 534. I mention these cases, to exhibit the true foundation of these kinds of actions, and to show that the allegation of special damage per quod, is founded on a mere fiction, which seems to have been suggested by a narrow, technical mind, or to have originated-in a base and. sordid principle of *279 pecuniary interest. In truth, and justice, it forms no essential ingredient in the cause of action, and is unworthy of the notice of an enlightened and feeling judicatory. "We are, therefore, of opinion there is no necessity to resort to this absurd fiction, to support an action so well founded in justice, reason, and policy. The true ground of action cannot be the loss of service, for a child may be of an age so tender, or of a constitution so delicate, as to be incapable óf rendering any service. The true ground of action is the outrage, and deprivation ; the injury the father sustains in the loss of his child ; the insult offered to his feelings ; the heart-rending agony he must suffer in the destruction of his dearest hopes, and the irreparable loss of that comfort, and society, which may be the only solace of his declining age.
Motion overruled.